1  KEVIN V. RYAN (CASBN 118321)
   United States Attorney
2
   MARK L. KROTOSKI (CASBN 138549)
3  Chief, Criminal Division

4  GARTH HIRE (CASBN 187330)
   Assistant United States Attorney
5
      1301 Clay Street, Suite 340-S
6     Oakland, California 94612-5217
      Telephone:  (510) 637-3929
7     Facsimile:   (510) 637-3724
      E-Mail:     Garth.Hire@usdoj.gov
8
   Attorneys for Plaintiff
9

**FILED**

JAN 1 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13

14  UNITED STATES OF AMERICA,          )    No.  4 06-MJ-70685 WDB
                                       )
15          Plaintiff,                 )
                                       )
16      v.                             )    STIPULATION AND [PROPOSED]
                                       )    ORDER TO CONTINUE HEARING AND
17  JEFFREY EUGENE BROWN,              )    EXCLUDE TIME UNDER THE SPEEDY
                                       )    TRIAL ACT
18          Defendant.                 )
                                       )
19  _____  )

20          Plaintiff United States of America, by and through its counsel of record, Assistant United

21  States Attorney Garth Hire, and defendant Jeffrey Eugene Brown ("defendant"), by and through

22  his counsel of record, Harry C. Singer, hereby stipulate as follows:

23          1.  Defendant is charged in a criminal complaint alleging violations of 21 U.S.C.

24  § 841(a)(1).  The complaint was filed on October 24, 2006.  Defendant was arrested and made

25  his initial appearance before the Honorable Wayne D. Brazil, United States Magistrate Judge for

26  the Northern District of California, on October 26, 2006.  On October 31, 2006, defendant again

27  appeared before the Court and waived his right to preliminary hearing or examination pursuant to

28  STIPULATION AND PROPOSED ORDER TO CONTINUE
    HEARING AND EXCLUDE TIME UNDER
    THE SPEEDY TRIAL ACT

Cc: WDB's Stats  Copy to parties via ECF
2 certified copies to Marshal

1   Federal Rule of Criminal Procedure 5.1 and waived his right to be charged by information or

2   indictment pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b), until November 27,

3   2006.

4       2.    On November 27, 2006, defendant again appeared before the Court and waived

5   his right to preliminary hearing or examination pursuant to Federal Rule of Criminal Procedure

6   5.1 and waived his right to be charged by information or indictment pursuant to the Speedy Trial

7   Act of 1974, 18 U.S.C. § 3161(b), until January 5, 2007.

8       3.    On January 5, 2007, defendant again appeared before the Court and waived his

9   right to preliminary hearing or examination pursuant to Federal Rule of Criminal Procedure 5.1

10  and waived his right to be charged by information or indictment pursuant to the Speedy Trial Act

11  of 1974, 18 U.S.C. § 3161(b), until January 19, 2007.

12      4.    By stipulation and proposed order, the parties jointly move to vacate the hearing

13  currently scheduled for January 19, 2007, and ask that the matter be placed on this Court's

14  calendar for preliminary hearing or examination and status conference on February 9, 2007.

15  Defendant also waives his right to preliminary hearing or examination pursuant to Federal Rule

16  of Criminal Procedure 5.1 and waives his right to be charged by information or indictment

17  pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b), until February 9, 2007.

18      5.    The parties agree and stipulate, and request that the court find the following:

19          a.    The ends of justice outweigh the interest of the public and the defendant in

20  the filing of an information or indictment within the date prescribed by the Speedy Trial Act

21  because:

22              (i)    The defendant and his counsel require additional time for effective

23  preparation, taking into account the exercise of due diligence, including consideration of whether

24  pre-indictment and pre-trial motions are appropriate, to determine whether this case will proceed

25  to indictment and trial, and to adequately prepare for indictment and trial;

26              (ii)    Defense counsel represents that he has conferred with his client

27  regarding a continuance of the time to be charged by indictment or information, has advised

28  STIPULATION AND PROPOSED ORDER TO CONTINUE
    HEARING AND EXCLUDE TIME UNDER
    THE SPEEDY TRIAL ACT

1  defendant of his rights under the Speedy Trial Act, defendant understands the ramifications of

2  requesting a continuance, and defendant consents to a continuance of the deadline to be charged

3  by indictment or information;

4          (iii)    The parties believe that failure to grant the above-requested

5  continuance would deny defense counsel and the defendant the reasonable time necessary for

6  effective preparation taking into account the exercise of due diligence.

7          b.    Based on the foregoing, the parties request that the Court find that for the

8  purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161(b), within which an

9  information or indictment must be filed, the time period of January 19, 2007, to February 9,

10  2007, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(8)(A)(iv) because:

11          (i)    As detailed in Section 5(a) above, the ends of justice served by

12  granting a continuance outweigh the best interest of the public and the defendant in a filing of an

13  information or indictment within the period specified in section 3161(b).

14  ///

15  ///

16  ///

17

18

19

20

21

22

23

24

25

26

27

28
STIPULATION AND PROPOSED ORDER TO CONTINUE
HEARING AND EXCLUDE TIME UNDER
THE SPEEDY TRIAL ACT

1    6.    The parties agree and stipulate and request that the Court find that nothing in this

2    stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate

3    that additional time periods are excludable from the period within which an information or

4    indictment must be filed.

5        IT IS SO STIPULATED.

6

7                                                      KEVIN V. RYAN
                                                       United States Attorney

8

9    Dated: _____                        _____/s/[1]_____
                                                     GARTH HIRE
10                                                   Assistant United States Attorney

11

12   Dated: _____                        _____/s/_____
                                                     HARRY C. SINGER
13                                                   Attorney for Defendant

14

15                            O R D E R

16

17   IT IS SO FOUND AND ORDERED this /8 day of January, 2007.

18

19                                                   _____
20                                                   HONORABLE WAYNE D. BRAZIL
                                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26   _____

27     [1] I hereby attest that I have on file all the holograph signatures for any signatures
     indicated by a "conformed" signature (/s/) within this e-filed document.

28   STIPULATION AND PROPOSED ORDER TO CONTINUE
     HEARING AND EXCLUDE TIME UNDER
     THE SPEEDY TRIAL ACT
                                       4